UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUSTIN E. MCGUIRE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-529-PPS-JEM |
| WAYNE PEEPLES, et al., | |
| Defendants. | |

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a "Notice to Court" (ECF 9) and "Motion to Proceed" (ECF 11). These documents reflect that the $16.13 initial partial filing fee was deducted from his trust account. He asks that the case proceed to screening. Although the clerk has only received $5.01 in payments from McGuire, I am cognizant that it is outside his control whether prison staff mail payments to the clerk in a timely fashion. His motion will be granted and the case will proceed to screening. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because McGuire is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

McGuire is an inmate at Indiana State Prison (ISP). On or about November 14, 2024, he was working at his job in the prison kitchen. He claims that Food Service Director Wayne Peeples became angry with him because he was talking to other inmates. Director Peeples allegedly shoved a knife handle into his chest and told him to "get to work." McGuire claims Director Peeples used so much force that it left a painful welt on his chest, causing him to seek medical attention. He subsequently filed a grievance about Director Peeples' conduct. He claims that when Director Peeples, Deputy Warden Dawn Buss, and Food Service Secretary Lonein Jones became aware of the grievance, they fired him in retaliation. He seeks monetary damages and other relief.

Not "every malevolent touch" by a prison employee "gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). "In tort law, any unconsented and offensive touching is a battery," and even an "unwanted tickle with a feather can lead to an award of damages." *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012). Such is not the case under the Eighth Amendment. *Id.* In the prison context, "[c]ustodians must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable." *Id.* At the same time, inmates cannot be subjected to excessive force. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). The

2

"core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Id.* (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* (citation omitted).

Accepting McGuire's allegations as true, Director Peeples shoved the handle of a knife into McGuire's chest with so much force that it left a painful welt. McGuire claims all he was doing at the time was talking to other inmates. He has plausibly alleged that the use of force by Director Peeples was excessive under the circumstances in violation of the Eighth Amendment.

He also sues Secretary Jones, Deputy Warden Buss, and Director Peeples for unlawful retaliation under the First Amendment. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Filing a grievance about a non-frivolous matter qualifies as "protected activity" for purposes of a retaliation claim. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020).

3

On the second prong, McGuire claims he was fired from his job and lost his source of income, which could "dissuade a reasonable person from engaging in future First Amendment activity."[1] *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). On the third prong, he asserts that there was no legitimate reason for firing him and instead Defendants fired him on the heels of his complaint about Director Peeples in order to punish him. He will be permitted to proceed on a claim against these Defendants under the First Amendment.

Finally, McGuire sues the Indiana Department of Correction (IDOC), but this state agency is not a "person" that can be sued for constitutional violations. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–64 (1989). Additionally, the IDOC has Eleventh Amendment sovereign immunity from a claim for damages brought by one of its citizens in federal court. *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008).

For these reasons, the Court:

(1) GRANTS plaintiff's Motion to Proceed (ECF 11) as outlined;

(2) GRANTS the plaintiff leave to proceed against Food Service Director Wayne Peeples in his personal capacity for monetary damages for using excessive force against plaintiff in violation of the Eighth Amendment on or about November 14, 2024;

---

[1] McGuire has no constitutional right to hold a prison job. *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004); *see also Starry v. Oshkosh Corr. Inst.*, 731 Fed.Appx. 517, 518 (7th Cir. 2018). However, "[c]onduct that does not independently violate the Constitution can form the basis for a retaliation claim, if that conduct is done with an improper, retaliatory motive." *Holleman*, 951 F.3d at 878 (citation omitted).

4

(3) GRANTS the plaintiff leave to proceed against Food Service Director Wayne Peeples, Food Service Secretary Lonein Jones, and Deputy Warden Dawn Buss in their personal capacity for money damages retaliating against plaintiff in violation of the First Amendment by firing him from his job after he filed a grievance about Peeples' conduct;

(4) DISMISSES Indiana Department of Correction as a defendant;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Food Service Director Wayne Peeples, Food Service Secretary Lonein Jones, and Deputy Warden Dawn Buss at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(8) ORDERS Food Service Director Wayne Peeples, Food Service Secretary Lonein Jones, and Deputy Warden Dawn Buss to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 8, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

5